■ In the Matter of the Claim of ANGUS MITCHELL, Respondent, v. ALUMINUM CO. OF AMERICA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Claimant's accidental back injury and consequent disability to October 11, 1960 are not disputed but appellant employer contests the finding of continuing causally related disability beyond that date, asserting that the proof thereof — being the diagnosis and unequivocal opinion of the impartial specialist designated by the board — is unsubstantial, first,

because it "is contrary to all other medical testimony". If this were the fact, it would furnish no basis for reversal as, under the elementary and well-recognized rule, it was the board's exclusive function to weigh the conflicting medical evidence and to determine which opinion it would accept; but, in actuality, evidence adduced from the orthopedist who examined claimant and from the neurologist who performed a myleogram lent substantial support to the impartial specialist's findings. Secondly, appellant asserts, the medical opinion of causation must be found without substance "when considered with all other facts in the record", the reference being — so far as the brief discloses — to claimant's unsuccessful quest for light work and to his refusal of a job which he said he could not perform because it required him to be constantly on his feet and to bend to the floor, and which was on a night shift to which he could not obtain transportation. Again, the board was well within its prerogatives in declining to give to proof of this nature weight sufficient to override medical evidence of disability. The authorities upon which appellant relies are readily distinguishable. For example, in *Matter of Thomas* v. *Kornblum & Co.* (17 A D 2d 889) "the only medical proof [was] that of partial disability" (p. 890), but here the board accepted the impartial specialist's finding of total disability; and in *Matter of Jordan* v. *Decorative Co.* (230 N. Y. 522), Judge CARDOZO wrote: "A different situation would be here if the claimant put the work aside in the belief that it was beyond his powers" (p. 527), and here claimant said just that, testifying: "And the type of work they handed me I was pretty well familiar with it and I couldn't stand that kind of work." Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.